# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ellric Alfred Giroux, II,<br><br>        Plaintiff,<br><br>vs.<br><br>Clair Last Name Unknown, Doris Last Name Unknown, Dr. Randi Swingen, and Cass County, ND,<br><br>        Defendants. | Case No. 3:13-cv-62<br><br>**REPORT AND RECOMMENDATION** |

Ellric Alfred Giroux, II ("Giroux") filed a complaint pursuant to 42 U.S.C. § 1983 alleging defendant Randy Swingen ("Swingen")[1] was deliberately indifferent to his serious medical needs. (Doc. #17). Giroux states that on a Saturday in April of 2012 he fell at the Cass County Jail, dislocated his shoulder, and hit his head knocking him unconscious. (Doc. #17, p. 1). The nurses at the jail called Swingen on the telephone and she advised them that Giroux could wait until Monday to see the doctor at the jail. Id. Giroux contends that because his shoulder was dislocated for a couple of days he ended up requiring surgery. Id. at p. 2. Giroux seeks monetary damages from Swingen in her individual capacity. Id. at pp. 5-6.

Swingen filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. #64). Swingen has been employed by Family HealthCare in Fargo since 2008. (Swingen Decl., Doc. #65-1, ¶ 2). Family HealthCare is deemed to be an employee of the Public Health Service by the Secretary of Health and Human Services and has had liability protection under the Federal Torts Claims Act ("FTCA") since 2011. (Gibson Decl., Doc. #65-2, ¶ 2; Notice of FCA Authorization, Doc. #65-1; Gulbranson Decl., Doc. #65-4, ¶ 3). Therefore, Swingen is also an employee of the

---

[1] Giroux mistakenly identified the defendant as "Dr. Randi Swingen," but Swingen is actually a family nurse practitioner. (Swingen Decl., Doc. #65-1, ¶ 3).

Public Health Service. See 42 U.S.C. §§ 233(g)(1)(A), 233(g)(4) and 254b (An employee of a qualifying public or non-profit private health center receiving federal funds is deemed an employee of the Public Health Service.).

Under the Public Health Service Act, 42 U.S.C. § 233(a), a Public Health Service employee is absolutely immune from suit for harm that occurred when the employee was acting within the scope of her employment. Hui v. Castaneda, 559 U.S. 799, 806 (2010). Swingen was acting within the scope of her employment when she consulted by telephone with the nurses at the jail regarding Giroux's injury. (See Swingen Decl., Doc. #65-1, ¶ 3) ("One of my regular duties at Family HealthCare is to be on-call for telephone consultation regarding inmates' medical needs."); (Gulbranson Decl., Doc #65-4, ¶ 5) (Family HealthCare provides telephone consultations with jail staff on weekends). Swingen is absolutely immune from suit and this court lacks subject matter jurisdiction over Giroux's claim against Swingen.[2] It is **RECOMMENDED** that Swingen's motion to dismiss (Doc. #64) be **GRANTED**, and Giroux's amended complaint (Doc. #17) be **DISMISSED** without prejudice as to Swingen. It is further **RECOMMENDED** the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 7th day of October, 2014.

                                                                /s/ *Karen K. Klein*
                                                                Karen K. Klein
                                                                United States Magistrate Judge

---

[2] In Giroux's response to Swingen's motion to dismiss it is clear he believes that Swingen claims that she has qualified immunity. (See Doc. #81). Qualified immunity and absolute immunity are different. "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler v. Pachtman, 424 U.S. 409, 419, n. 13 (1976). "[Q]ualified immunity depends upon the circumstances and motivations of [the official's] actions, as established by the evidence at trial." Id.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than October 24, 2014, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.