IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Ellric Alfred Giroux, II,<br><br>        Plaintiff,<br><br>        -vs-<br><br>Clair Last Name Unknown, Nurse, Doris Last Name Unknown, Nurse, and Cass County, ND,<br><br>        Defendants. | Case No. 3:13-cv-62<br><br>**ORDER ADOPTING IN PART AND MODIFYING REPORT AND RECOMMENDATION** |

The undersigned received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the defendants' motions for summary judgment be granted and Plaintiff Ellric Alfred Giroux, II's ("Giroux") suit be dismissed without prejudice.[1] The magistrate judge's basis for recommending dismissal focused on Giroux's failure to exhaust his administrative remedies prior to filing suit.

Giroux filed objections to the Report and Recommendation on May 21, 2015.[2] In his objections, Giroux admits that he did not exhaust his administrative remedies.[3] He offers reasons for why he did not do so: (1) he was lead to believe that there was "nothing more to be gained by continuing the grievance process"; (2) he was under the influence of narcotic pain medication when he signed "agree" on the form presented to him; (3) he notified the Cass County Commissioner's Office by letter that he intended to sue Cass

---

[1] Doc. #113.

[2] Doc. #119.

[3] Id. at p. 1.

1

County and some of its employees; and (4) he does not need to exhaust because his claim is not one relating to prison conditions, but one of deliberate indifference to his medical needs/cruel and unusual punishment.

It is undisputed that Giroux did not exhaust his administrative remedies. As explained in the Report and Recommendation, exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court.[4] In his objections, Giroux provides a couple of explanations as to why he did not exhaust, including it would have been futile and he was not of sound mind. The level of detail necessary to comply with the grievance procedures varies from system to system and claim to claim, "but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Proper exhaustion "means using all steps that the agency holds out, and doing so properly."[5] To the extent Giroux claims he gave fair notice of his claims and, therefore, he should not have to exhaust, this argument has been rejected by the Supreme Court.[6] Similarly, contrary to Giroux's assertion, claims for indifference to medical needs are governed by the PLRA and subject to the exhaustion requirement.[7]

The court hereby **ADOPTS** the magistrate judge's analysis in the Report and Recommendation that exhaustion is required. This is not a case in which Giroux was unaware of the grievance procedure. Rather, he initiated the process but did not request further review. He has given two reasons for his decision: (1) there was "nothing more to

---

[4] Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

[5] Woodford v. Ngo, 548 U.S. 81, 90 (2006).

[6] Id. (partial compliance with the grievance procedure is not enough).

[7] Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002).

be gained by continuing the grievance process"; and (2) he was not of sound mind because of pain medication.

The first reason constitutes a deliberate decision not to follow the grievance process, which renders his suit subject to dismissal. As to the second reason, a question exists regarding Giroux's competence to understand the process at the time he was presented with the corporal's response. Giroux has alleged that he did not fully understand the consequences when he decided not to appeal because his cognitive abilities were so impacted by narcotic pain medication. Under the circumstances, the court hereby **ORDERS** that the Warden allow Giroux an opportunity to appeal the corporal's response within 30 days of the date of this Order, and thereafter pursue any additional levels of review necessary to complete the grievance process on the issue of whether prison officials were deliberately indifferent to his shoulder injury.

If Giroux fails to appeal within 30 days of the date of this Order or thereafter fails to exhaust his administrative remedies, the defendants may renew their summary judgment motions on the issue of exhaustion. As to the merits, assuming Giroux's allegations are true, there is some evidence in the record that would indicate prison staff had knowledge or information about Giroux's shoulder injury but did not timely seek necessary medical attention. Nonetheless, nothing in this Order is intended to be a decision on the merits. If the defendants believe the action is subject to dismissal on the merits, they may bring the appropriate motion.

The magistrate judge's analysis on exhaustion as set forth in the Report and Recommendation is hereby **ADOPTED**. The Report is **MODIFIED** by this Order to give Giroux an opportunity to seek review of the corporal's response. Accordingly, the

defendants' motions for summary judgment are denied without prejudice to renewing them after the 30 day deadline to appeal has elapsed or at a later date when the time for completing the full grievance process has elapsed.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2015.

> */s/ Ralph R. Erickson*
> Ralph R. Erickson, Chief Judge
> United States District Court